UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MERLE E. STIMPSON,
    *Petitioner*,

v.

WARDEN SCOTT ERFE, *et al.*,
    *Respondents*.

No. 3:17-cv-445 (JAM)

**RULING DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Merle E. Stimpson pleaded guilty to first degree assault and risk of injury to a child. He brings this *pro se* petition for a writ of habeas corpus. For the reasons set forth below, I will dismiss the petition on the ground that the petition concedes that he has not fully exhausted available state remedies. In the event that Stimpson believes that the Court is mistaken or that he should not be required to exhaust his remedies, then he may file a motion to reopen within 21 days of this order.

**BACKGROUND**

On December 2, 2010, Stimpson pleaded guilty in state court to one count of assault in the first degree, in violation of Conn. Gen. Stat. § 53a-59(a)(3), and one count of risk of injury to a child, in violation of Conn. Gen. Stat. § 53-21(a)(1). *See Merle S. v. Comm'r of Corr.*, 167 Conn. App. 585, 587–88 (2016). The trial judge sentenced Stimpson to fifteen years of imprisonment, execution suspended after nine years, followed by five years of probation. *Id.* at 588. Stimpson did not move to withdraw his plea or challenge his convictions on direct appeal. *Ibid.*

On April 23, 2012, Stimpson filed a habeas corpus petition in state court, which he later amended on July 21, 2014. *See Stimpson v. Warden, State Prison*, TSR-CV12-4004752-S (Conn. Super. Ct. 2012).[1] He argued that his plea had been involuntary because he had been heavily

---

[1] The court docket for this state habeas petition may be found at www.jud.ct.gov, under Civil/Family/Housing Case Look-up, Docket Number Search, TSR-CV-12-4004752-S (last visited Mar. 28, 2017).

medicated at the time he pleaded guilty. He also raised a claim of ineffective assistance of counsel. Following an evidentiary hearing, the habeas court dismissed the petition, concluding that Stimpson's claim of an involuntary plea was procedurally defaulted, and that his trial counsel had not rendered constitutionally ineffective assistance of counsel. *See Merle S.*, 167 Conn. App. at 589.

On October 2, 2014, Stimpson filed a petition for certification to appeal, which was denied on October 6, 2014. *See Stimpson v. Warden, State Prison*, TSR-CV12-4004752-S (Conn. Super. Ct. 2012); Conn. Gen. Stat. § 52-470(g); Conn. Practice Book § 80-1. On November 3, 2014, he then appealed the denial of his state habeas petition to the Connecticut Appellate Court. *See Merle S. v. Comm'r of Corr.*, AC 37388 (Conn. App. Ct. 2014).[2]

On August 16, 2016, the Appellate Court affirmed the habeas court's ruling that Stimpson's claim of an involuntary plea was procedurally defaulted, and concluded that the habeas court did not abuse its discretion in denying his petition for certification to appeal from the court's rejection of his claim that his trial counsel provided constitutionally ineffective assistance of counsel. *See Merle S.*, 167 Conn. App. at 585. Since the Appellate Court's ruling, plaintiff has not filed any motions in the Connecticut Appellate Court, *see Merle S. v. Comm'r of Corr.*, AC 37388 (Conn. App. Ct. 2014), nor has plaintiff filed any motions in the Connecticut Supreme Court.

On March 17, 2017, Stimpson filed the instant petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. His petition seeks review of his ineffective-assistance-of-counsel claim, as well as asserting a new claim that he should be resentenced without any term of probation. *See* Doc. #1 at 2, 8.

## DISCUSSION

---

[2] The court docket for the appeal of the denial of the state habeas petition may be found at www.jud.ct.gov,

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.*, § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "This requires that the prisoner fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.).

A failure to exhaust may be excused if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B). A petitioner, however, may not simply wait until appellate remedies are no longer available and then argue that a claim is exhausted through the lapse of time. *See Galdamez*, 394 F.3d at 73–74.

Before a court may *sua sponte* dismiss a habeas corpus petition for failure to exhaust, it must be unmistakably clear that petitioner has failed to exhaust and that the petition must be dismissed on this basis. *Cf. Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000). Stimpson's petition explicitly concedes that he did not appeal the Appellate Court's decision to the Connecticut Supreme Court, *see* Doc. #1 at 3 (answering "no" to the question "After the second appeal, did you file a third appeal to a

---

under Supreme and Appellate Court Case Look-up, By Docket Number, AC 37388 (last visited Mar. 28, 2017).

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.*, § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "This requires that the prisoner fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.).

A failure to exhaust may be excused if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B). A petitioner, however, may not simply wait until appellate remedies are no longer available and then argue that a claim is exhausted through the lapse of time. *See Galdamez*, 394 F.3d at 73–74.

Before a court may *sua sponte* dismiss a habeas corpus petition for failure to exhaust, it must be unmistakably clear that petitioner has failed to exhaust and that the petition must be dismissed on this basis. *Cf. Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000). Stimpson's petition explicitly concedes that he did not appeal the Appellate Court's decision to the Connecticut Supreme Court, *see* Doc. #1 at 3 (answering "no" to the question "After the second appeal, did you file a third appeal to a

---

under Supreme and Appellate Court Case Look-up, By Docket Number, AC 37388 (last visited Mar. 28, 2017).

higher authority, agency, or court?"). Doc. #1 at 4. Moreover, his claim regarding imposition of a term of probation was not presented at all to the habeas court, and his claim of ineffective assistance of counsel was not exhausted, on its merits, all the way up through the Connecticut Supreme Court.

It is therefore unmistakably clear that Stimpson has yet to exhaust his state remedies, and his failure to exhaust is not excused by the fact that any petition for certification to the Connecticut Supreme Court would likely be untimely at this juncture. *See Janulawicz v. Comm'r of Corr.*, 310 Conn. 265, 273–75 (2013) (discussing that the Connecticut Supreme Court routinely grants leave to file late petitions for certification to appeal "if there is a reasoned basis for doing so"); *Galdamez*, 394 F.3d at 73–74. Accordingly, to the extent that petitioner suggests that his attorney misadvised him that he could only seek relief at this time in a federal court rather than in the state courts, Stimpson may decide to include, in any late petition to the Connecticut Supreme Court for certification to appeal, any mistaken statement by his appellate counsel that he should seek relief in the federal courts rather than petitioning for certification to the Connecticut Supreme Court.

## CONCLUSION

The petition for habeas corpus (Doc. #1) is DISMISSED for failure to exhaust state court remedies and without prejudice to timely re-filing at a later time after exhaustion of state court remedies. Because Stimpson has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

If Stimpson has any further information or other grounds to believe that his petition should not be dismissed at this time for failure to exhaust his remedies in the state court, then he may move to reopen this case **within 21 days of this order by April 20, 2017** and provide the Court with the additional information bearing on the exhaustion requirement. *See Pena v. Ellis*, 2007 WL 4565032,

at *3 (E.D.N.Y. 2007) (dismissing habeas corpus petition *sua sponte* for failure to exhaust but with leave for petitioner to file motion to reopen). In the event that Stimpson fully exhausts his claims in the state courts and wishes to re-file a petition for federal habeas corpus, he should be prepared to show that his petition has been timely filed within one year of his state court convictions' becoming final (28 U.S.C. § 2244(d)(1)) and, if not, why the statute of limitations should be equitably tolled in his favor. *See Walker v. Connecticut Superior Court*, 2015 WL 3970886, at *3 (D. Conn. 2015).

It is so ordered.

Dated at New Haven, Connecticut this 30th day of March 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge